UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID ROBERTS,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-09-3037-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 16.) Attorney D. James Tree represents David Roberts (Plaintiff); Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

On August 14, 2003, the Commissioner denied Plaintiff's prior application for disability benefits. (Tr. 21.) Plaintiff did not appeal the denial.[1] On December 13, 2004, Plaintiff reapplied for

---

[1] Because Plaintiff is reapplying for disability benefits, he is precluded from claiming disability prior to the August 14, 2003, decision finding of non-disability. On review, Plaintiff has the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

disability benefits (DIB) and Supplemental Security Income (SSI). (Tr. 68, 198.)  He alleged disability due to back, neck, knee, shoulder injuries, with an onset date of December 2, 1999. (Tr. 51, 62.)  His claim was denied initially and on reconsideration. (Tr. 43-44, 312-13.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 12, 2007, before ALJ Richard Say.  (Tr. 233-62.)  Plaintiff, who was represented by non-attorney Steven R. Hamman during the administrative proceedings (Tr. 9-11), and vocational expert Tom Moreland (VE) testified.  The ALJ denied benefits on August 21, 2007, and the Appeals Council denied review. (Tr. 21-30, 5-7.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 47 years old with a high school education. He was married and lived in a house with his spouse and two sons. (Tr. 238-39.) Plaintiff has past work experience as an aircraft assembler, which is classified as medium level work. (Tr. 256.) He has had surgery on both knees, his shoulder and neck.  (Tr. 241.) He reported he cannot work because of increasing pain in his knees, joints and shoulder from arthritis, a neck injury, and degenerative disease.  (Tr. 240.)  He testified he could stand for an hour, walk around a city block, sit for 45 minutes and lift a gallon of milk. (Tr. 244-45.)  He said he has decreased strength in his left hand

---

burden to show his claimed impairments have become more severe. *Green v. Heckler*, 803 F.2d 528, 530 (1986).

due to shoulder and neck surgery. (Tr. 245.)  He stated he did not take medication for pain because he could not afford it. (Tr. 241.) Plaintiff testified he helps with some household chores, watches television, sits at the computer, reads, and shops while leaning on a cart. He reported he does all the driving for the family. (Tr. 243-44.)

## ADMINISTRATIVE DECISION

ALJ Say first noted Plaintiff was denied benefits in a hearing decision dated August 14, 2003.  He did not find good cause to reopen the prior decision, and determined disability in this case could not be established before August 15, 2003, the day after the prior hearing decision. (Tr. 21.)  He then found Plaintiff's date of last insured for DIB purposes was December 31, 2003. (Tr. 22.) At step one, ALJ Say found Plaintiff had not engaged in substantial gainful activity since December 2, 1999, the alleged onset date. (Tr. 23.)  At step two, he found Plaintiff had severe impairments of "degenerative disk disease of the cervical and thoracic regions of the spine, left shoulder impingement, and musculoskeletal impairments of the knees." (Tr. 24.)  The ALJ determined at step three the impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 24.)  At step four, he determined Plaintiff could perform a wide range of sedentary work, with postural limitations on his ability to "stoop, crouch, crawl, kneel, balance, climb stairs or ramps and reach overhead." (Tr. 25.)  He found Plaintiff's mild to moderate pain would not affect his ability to perform work. (*Id.*)  The ALJ the determined Plaintiff's statements regarding his symptoms and

limitations were not credible "to the extent that they would prevent him from performing the wide range of sedentary work" described in the ALJ's residual functional capacity (RFC) assessment. (Tr. 27.)

After considering VE testimony the ALJ found Plaintiff was unable to perform his past relevant work. (Tr. 28.) At step five the ALJ found Plaintiff could still perform a significant number of sedentary jobs in the national economy, such as cashier, electronic assembler, small product assembler, and garment industry jobs. (Tr. 29.) The ALJ concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time from December 2, 1999, through the date of his decision. (Tr. 27.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. The court considers the record as a whole, both evidence that supports and detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision

supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

In proceedings where a claimant is reapplying for disability benefits, the claimant cannot claim to be disabled during the period covered in the earlier proceedings. *Green*, 803 F.2d at 530. Upon re-application, the burden is on the claimant to show changed circumstances have caused his impairments to become more severe. *Id*.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) assessed Plaintiff's credibility; (2) improperly rejected the opinions of his treating doctor; (3) failed to develop the record; and (4) failed to include all of Plaintiff's limitations in the hypothetical questions posed to the VE. (Ct. Rec. 15 at 8, 20.) Plaintiff also alleges the Appeals Council should have remanded the case to the Commissioner for consideration of new evidence. (*Id*. at 16.)

**DISCUSSION**

**A.   Credibility**

Plaintiff asserts the ALJ's credibility determination is vague,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

lacks specificity and is unsupported by the evidence. (Ct. Rec. 15 at 17.) When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). An ALJ cannot be required to believe every allegation of disabling symptoms, even when medical evidence exists that a claimant's condition may produce them. For example, "[m]any medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. *Social Security Ruling* (*SSR*) 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of

the symptoms." *Lingenfelter*, 504 F.3d at 1036.  Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.  The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's statements about pain to be credible to a certain extent, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p.  "For example, an adjudicator may find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry are compromised, but not to the degree alleged." *Id*.  If the ALJ's credibility findings are supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the

ALJ").

Here, there is no affirmative evidence of malingering; therefore, the ALJ must provide "clear and convincing" reasons for discounting Plaintiff's statements. In explaining his basis for the RFC determination, the ALJ specifically noted Plaintiff's testimony that he spent most of the day reclined on the sofa, and could not sit for more than 45 minutes at a time, and could not walk or stand for more than one hour at a time. He specifically noted Plaintiff testified he could do household chores, cook, and shop while leaning on a cart. He was able to concentrate, watch television, read, and use the computer. He could maintain social contact with friends and relatives; and he enjoyed camping in the summer. The ALJ also referenced Plaintiff's report that he was "most comfortable" with his legs elevated; that he did all the driving for the family, and the heaviest he could lift or carry was a gallon of milk. (Tr. 26.)

In his credibility findings, the ALJ reasoned Plaintiff's testimony of daily activities was not consistent with the severity of exertional limitations alleged or a claim of total disability. (*Id*.) This is a "clear and convincing" reason to discount a claimant's subjective complaints. *SSR* 96-7p (consistency of statements by claimant is a strong indication of credibility). Further, the record supports the ALJ's finding of inconsistent reports. For example, although Plaintiff testified to significant limitations in his ability to stand, sit or walk, he also reported he went camping, shopped, visited friends and relatives, and enjoyed surfing the internet and talking on the computer. (Tr. 243-44.) The ALJ properly determined the exertional and non-exertional abilities

required to perform these activities are consistent with a sedentary level of work. (Tr. 28.)

In assessing credibility, medical evidence is also an appropriate factor to consider, as long as it is not the only factor. *SSR* 96-7p. A lack of objective medical evidence to support the degree of severity alleged is a "clear and convincing" reason for discounting a claimant's self-report. *Id*. Here, in addition to the reasoning discussed above, the ALJ found the documented medical diagnosis of mild degenerative changes in the thoracic spine region did not support Plaintiff's complaints of low-extremity swelling or his self-reported need to keep his legs elevated while sitting. (Tr. 26.) This finding is supported by the record, which includes August 2006 imaging results indicating some slight spurring, but otherwise normal knees with no effusion.[2] (Tr. 187.) As found by the ALJ, medical records do not reflect a diagnosed medical condition or complaints of low extremity swelling that would require leg elevation. (Tr. 26; *see, e.g.*, Tr. 189-90.)

Early 2003 clinic notes document shoulder and neck discomfort. (Tr. 166, 168.) In October-November 2003, Plaintiff complained of shoulder and knee pain when he talked to Jeremy Lewis, D.O., Plaintiff's treatment provider. Dr. Lewis observed Plaintiff was moving "fairly easy, no distress," had had knee surgery and a normal knee x-ray. (Tr. 170.) However, there are no physician reports reflecting the degree of impairment Plaintiff claimed at the

---

[2] As discussed below, an earlier x-ray showed an extensive tear in Plaintiff's knee which was surgically repaired in October 2005. (*See* Tr. 241.)

hearing. As found by the ALJ, the record shows surgery relieved Plaintiff's shoulder pain and severe knee pain; Plaintiff's medication regime was not long-term; and he was treated conservatively for flare-ups of musculoskeletal symptoms. (Tr. 26, 173, 177, 179, 182.) The record supports the ALJ's finding that objective medical evidence does not support the disabling functional limitations reported by Plaintiff. (Tr. 26.)

Plaintiff correctly notes there is no requirement a claimant be "totally incapacitated" to be found disabled under the Social Security Act. *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th cir. 2001). However, as explained by the ALJ, although Plaintiff's symptom allegations are not entirely credible, the record shows Plaintiff was able to perform physical and mental activities consistent with the unskilled sedentary work identified by the VE. (Tr. 26-29, 257-59.) Viewing the record as a whole, the ALJ's credibility findings are legally sufficient and supported by substantial evidence; therefore, they may not be disturbed on review. *Tackett,* 180 F.3d at 1098.

**B.   Evaluation of Medical Evidence**

Plaintiff contends the ALJ improperly rejected Dr. Jones' assessment of functional limitations and his opinion that Plaintiff was not capable of sedentary work on a full time basis. (Ct. Rec. 15 at 11.) Plaintiff then argues, somewhat conversely, that the ALJ should have ordered an additional physical capacities evaluation if he felt Dr. Jones, did not have the "requisite expertise" to assess functional limitations. (*Id.* at 16.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

**1.   Dr. Jones' Medical Source Statement (MSS)**

The record shows Dr. Jones completed the MSS relied upon by Plaintiff on March 12, 2007, and concluded Plaintiff had not been capable of performing sedentary work on a "regularly and continuing basis," based on his exam, since January 2003.  (Tr. 191-96.)  Dr. Jones' form report concludes Plaintiff could sit, stand or walk for one hour at a time in an eight-hour day; sit or stand only two hours during the entire eight-hour day; walk one hour in the entire eight-hour day; and "must lie down" for one hour during the eight-hour day.  (Tr. 193.)  In another portion of the MSS, Dr. Jones opined Plaintiff could perform sedentary work for eight hours, five days a week with the opportunity to alternate sitting and standing.  (Tr. 192.)  At the end of the report, Dr. Jones noted, "This is an estimate of his abilities.  I would recommend a full functional capacity eval."   (Tr. 194.)

If a treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence.[3]  *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

The ALJ can meet this burden by summarizing the evidence, interpreting it and making findings.  *Tommasetti*, 533 F.3d at 1041.

---

[3]   Dr. Jones' opinions are contradicted by reviewing agency physician, Norman Staley, M.D., who opined Plaintiff could lift and carry 10 to 20 pounds and stand and sit for six hours in an eight-hour day.  (Tr. 148-54.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

The lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain is a specific, legitimate reason for disregarding a treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter*, 504 F.3d at 1044-45 (*citing Thomas*, 278 F.3d at 957). Further, the court can read from the ALJ's summary of the complete record and draw inferences relative to the ALJ's findings and the treating physician's opinions. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ summarized Dr. Jones' progress notes dated from 1999 through the date of the hearing. (Tr. 27-28.) Medical records relevant to the period after the August 2003 denial of benefits show after surgical intervention in September 2004 to repair Plaintiff's left shoulder, treating specialist Eric Bowton, M.D., noted remarkable improvement in Plaintiff's range of motion. Plaintiff reported discomfort in reaching overhead, but overall was doing well. (Tr. 139-44.) Medical notes indicate continued improvement until a re-injury of the shoulder in March 2005. By June, Plaintiff was reporting improvement in range of motion and functionality although there was still tenderness. (Tr. 176, 177). At this time, Plaintiff described his left knee as better, but still painful. (Tr. 27, 177.) Physical examination showed stable knee condition and only slight crepitus and no effusion. (*Id.*) In August 2005, Plaintiff's knee was still painful, and x-rays showed an extensive tear at the medial menscus. (Tr. 183.) On examination, Dr. Jones noted no effusion, no ligamentous instabilities and 5/5 lower

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

extremity strength. (Tr. 182.) Clinic notes and hearing testimony indicate Plaintiff had knee surgery on or about October 10, 2005. (Tr. 184, 241.) It appears no detailed medical records describing the knee surgery were submitted by Plaintiff.

The last progress note from Dr. Jones before filling out the MSS is dated August 8, 2006; there is no indication of disabling limitations or pain. Rather, Plaintiff requested an examination of his back and knees before his insurance expired. (Tr. 186.) He reported pain primarily in his knees when "walking and up and about during the day," and localized back pain between the scapula. (Tr. 186.) On exam, Dr. Jones observed mild symptoms, noting Plaintiff's knees were "ligamentously stable," and his back was "nontender to palpitation," with pain localized "in the region between the scapula." (Tr. 187.) New knee x-rays were unremarkable except for minimal spurring. (*Id.*) Dr. Jones recommended over the counter pain relief and joint supplements. (Tr. 186.)

Likewise, in the clinic note accompanying the MSS, Dr. Jones reported Plaintiff complained of back pain and joint pain, but denied paresthesias and difficulty walking. (Tr. 189.) His primary complaint was knee pain. On examination, both lower extremities exhibited "intact strength." (Tr. 190.) No changes in medication were recommended and no assistive devices were observed.

The ALJ specifically discussed Dr. Jones' MSS opinions and gave the functionality assessed little weight because the restrictions reported were not consistent with the rest of the record, diagnostic studies, or Dr. Jones' own clinic notes based on personal examination. (Tr. 28.) Rejecting a treating physician's opinion because it is inconsistent with his own notes is a specific,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

legitimate reason for rejecting a treating opinion. *See Tommasetti*, 533 F.3d at 1041; *Thomas*, 278 F.3d at 957. The ALJ also assigned little weight to Dr. Jones' MSS based on the doctors' acknowledgment that he was not an expert in functional capacity assessment. (Tr. 28.) This explanation of the weight given is supported by substantial evidence and does not constitute legal error.

As directed by the Commissioner's policy rulings, a medical source statement is among several types of evidence which must be considered in the Commissioners' RFC assessment. SSR 96-8p. Further, controlling weight of a treating medical source opinion is warranted only if it is "not inconsistent with the other substantial evidence in the case record" and consistent with objective medical evidence. *Id.; SSR* 96-5p. Although Dr. Jones stated he was not "an expert" in assessing functional limitations (Tr. 189), his personal observations and contemporaneous clinical notes were properly considered by the ALJ and factored into the final RFC determination. It is noted on independent review that, the ALJ's hypothetical to the VE at step five incorporated Dr. Jones' MSS opinion that Plaintiff could perform sedentary work with a sit/stand option during the workday. (Tr. 192, 257-58.) The VE opined that the need to stand every 30-45 minutes would not eliminate the sedentary jobs identified. (Tr. 258.)

The court is mindful that the final RFC is a determination reserved to the Commissioner and is composed of more that the conclusions of one medical source. *SSR* 96-5p. The ALJ properly considered all evidence in the record, including imaging reports, the opinions of Plaintiff's treating specialists and primary care-givers, opinions of agency physicians and credible testimony from

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

the Plaintiff and his spouse.  (Tr. 27-29.)  There is no error in the ALJ's declining to give controlling weight to Dr. Jones' conclusory opinion on an issue reserved to the Commissioner, where as here, Dr. Jones' contemporaneous progress notes and other medical opinions in the record, reasonably support the ALJ's final RFC.

**2.   The ALJ's Duty to Order Additional Evidence**

Regarding Plaintiff's argument that the ALJ should have ordered a formal physical capacities examination, Dr. Jones' notation is not sufficient to impose this obligation on the ALJ.  A duty to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  As explained in the Regulations, consultative exams are purchased to resolve conflicts or ambiguities "if one exists" and to obtain needed medical evidence not in the file that is "necessary for decision."   20 C.F.R. §§ 404.1519a(a)(2), 416.919a(a)(2).  The Commissioner has "broad latitude in ordering a consultative examination."  *Reed v. Massanari,* 270 F.3d 838, 840 (9th Cir. 2001) (*quoting Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990)).  Further, the ALJ is required to seek additional evidence only if the evidence already present consistently favors the claimant.  *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001).  Here, ALJ Say did not indicate the record was insufficient to make a decision or that the evidence before him was ambiguous.  The record and the ALJ's findings are consistent with objective imaging reports showing mild to moderate degeneration, and progress notes indicating improved range of motion after surgery, decreasing pain, conservative treatment, and mild to

moderate pain complaints. (Tr. 141-44, 173, 177, 179, 182.) The evidence is adequate to support the Commissioner's decision, and the ALJ was not obliged to develop the record further.

**C.    Post-Hearing Evidence Submitted to the Appeals Council**

After the ALJ denied benefits on August 21, 2007, Plaintiff submitted an evaluation from physical therapist Cathleen Gephart, dated December 11, 2007, to the Appeals Council. (Tr. 8, 217-23.) The Appeals Council considered this evidence, but found it did not warrant changing ALJ Say's decision. (Tr. 5-8.) Although Plaintiff asserts the Appeals Council erred in failing to remand the matter to the ALJ for consideration of the new evidence, (Ct. Rec. 15 at 16), the decision of the Appeals Council is not a "final decision" of the Commissioner and is not subject to review by this court. *Califano v. Sanders*, 430 U.S. 99, 108 (1977)(judicial review is limited to the "final decision" of the Commissioner after a hearing); *see also Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990)(a "final decision" is a decision on the merits). Judicial review is restricted to determining whether the ALJ's final decision is based on substantial evidence and is free of legal error. 42 U.S.C. § 405(g).

Nonetheless, in the Ninth Circuit, if post-hearing evidence is considered by the Appeals Council, it is considered part of the record on review by this court. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993). If the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence. If the substantial weight of the new evidence is irrefutably clear that the claimant is disabled, then a

remand for benefits is appropriate. *Mayes*, 276 F.3d at 462.

In this case, the Appeals Council considered the post-hearing evidence. (Tr. 6.) However, the evidence is not likely to change the outcome of this case. The opinions rendered are those of a physical therapist, an "other source" under the Regulations whose opinion regarding disability cannot be given controlling weight. 20 C.F.R. §§ 404.1527(e),.1513(d); 416.927(e),.913(d); *SSR* 06-03p. In addition, the limitations were assessed in December 2007, four months after the ALJ rendered his decision, and are not relevant to the period at issue. As is the case with Dr. Jones' MSS, the severity assessed by Ms. Gephart is not consistent with the record in its entirety, including imaging reports. Because the evidence is neither relevant to the claimed period of disability, nor supported by substantial evidence in the record, remand for consideration by the ALJ is not warranted.

**D.   Hypothetical Question**

Plaintiff's argument that the ALJ's hypothetical to the VE at step five is incomplete is unpersuasive. An ALJ may rely on vocational expert testimony if the hypothetical presented by the ALJ includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). As discussed above, the ALJ gave legally sufficient reasons for discounting Plaintiff's subjective complaints and the severe limitations opined by Dr. Jones in his October 2007 MSS. When limitations are properly rejected by the ALJ, it is not error to exclude these limitations in the hypothetical relied upon by the VE in his testimony. *Id*. Further, as found by the ALJ, although Plaintiff can no longer perform his past medium level, skilled work,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

restrictions supported by substantial evidence do not preclude all types of sedentary work.

The VE testified that, even with limitations in his ability to sit or stand for extended periods of time, Plaintiff had the physical capacities to perform unskilled, sedentary work that permits Plaintiff to stand every half hour to an hour to relieve discomfort in his back and knees. (Tr. 257.) He specifically opined a significant number of sedentary jobs exist in the cashier, electronic assembling and garment industry occupational base that Plaintiff could perform. (Tr. 259.) The ALJ did not err in relying on this testimony at step five.

## CONCLUSION

The ALJ's findings reflect a rational interpretation of the record, and his determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant**, and the file shall be **CLOSED**.

DATED March 11, 2010.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19